IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDWARD BECTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 12-3009-JDT-dkv |
| | ) |
| UNITED STATES OF AMERICA; | ) |
| ASSISTANT U.S. ATTORNEY | ) |
| JERRY R. KITCHENS; | ) |
| SHELBY COUNTY, TENNESSEE, | ) |
| | ) |
|     Defendants. | ) |

REPORT AND RECOMMENDATION OF *SUA SPONTE* DISMISSAL

On November 20, 2012, the plaintiff, Edward Becton ("Becton"), a resident of Shelby County, Tennessee, filed a fourteen-page *pro se* document entitled "Affidavit Denying Existence of Corporations Opportunity to Cure and Counter Claim in the United District Court for the Western District of Tennessee," which was docketed as a complaint (hereinafter "Complaint"). (Compl., Docket Entry ("D.E.") 1.) The Complaint purports to be brought under 42 U.S.C. § 1983, (*id.*),[1] and is accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 2). On November 21, 2012, the court issued an order granting Becton leave to proceed *in forma pauperis*, (D.E. 3), and referred the case to the *pro se* staff attorney for

---

[1] The heading of the document states: "TITLE 42 OF THE U.S., SECTION 1983 CIVIL RIGHTS ACT VIOLATION." This is the only place in the fourteen-page document that section 1983 is mentioned.

1

screening pursuant to Local Rule 4.1. On April 8, 2013, Becton filed a document entitled "Complaint for Condemnation," against the United States (hereinafter "Supplemental Complaint"). (D.E. 5.) This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Reference, D.E. 4.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim as well as for lack of subject-matter jurisdiction.

## I. PROPOSED FINDINGS OF FACT

The fourteen-page Complaint is an incoherent conundrum of facts and laws obviously juxtaposed together from other complaints that contain unrelated causes of action. As an initial matter, it is unclear who the named defendant is. The Complaint states the defendant as:

> 800 FEDERAL OFFICE BUILDING
> UNITED STATES OF AMERICA
> JERRY R. KITCHEN
> U.S. ATTORNEY
> Docket No._____
> SHELBY COUNTY (MEMPHIS, TN) 38103

(Compl., D.E. 1.) The court assumes that the defendants are the United States of America, assistant United States attorney Jerry R. Kitchens ("Kitchens"), and Shelby County, Tennessee.

The Complaint contains references to a loan transaction, but is devoid of any comprehensible facts that would state any claims relating to this alleged transaction. The only decipherable allegations in the Complaint relate to Becton's pending federal criminal case, Docket No. 2:12-cr-20020-JPM-12.

Pertaining to that criminal case, the Complaint alleges that Becton "served his request for Discovery on the Defendant (United States of America) [on] February 22, 2012," and that the United States of America failed to respond in a timely manner. (Compl., D.E. 1 at 8-9.) The Complaint further alleges the following:

> Unlawful Arrest, Illegal Arrest, or Restraint, or Distraint [sic], Trespassing/Trespass, Without a Lawfully Correct and Complete 4th Amendment Warrant . . . Excessive Bail, Fraudulent Bond, Cruel and Unusual Punishment, Violation of Right to Speedy Trial, Freedom of Speech, Conspiracy, Aid and Abetting, Racketeering, and or Abuse of Authority as per Title 18 U.S.C.A., '241 and '242 . . . Denial and or Abuse of Due Process . . . Unlawful Distraint [sic], Interstate Detainer, or False Imprisonment . . . Reckless Endangerment, Failure to Identify and/or Present Credentials and/or Failure to Charge within 48 (Forty-Eight) Hours after being detained . . . Unlawful Detention or Incarceration . . . Incarceration for Civil or Criminal Contempt of court without lawful, documented in law, and valid reason . . . Disrespect by a Judge or Officer of the Court . . . Threat, Coercion, Deception, or Attempted Deception by any officer of the court . . . Refusal of Lawful Bailment as Provided by The aforementioned Constitution and/or Honorable "Bill of Rights" . . . .

(*Id.* at 13-14.)

On April 8, 2013, Becton filed the Supplemental Complaint, in which he, *inter alia*, purports to set forth an "admiralty of maritime claim within the meaning of Rule 9(h)." (D.E. 5.) Named as plaintiffs are Becton and Andrew Lee Jamison. (*Id.*) The Supplemental Complaint contains undecipherable and incoherent allegations. In this

3

document, Becton alleges that he is the living beneficiary of the "Cestui Que Vie Trust" that is the subject of his pending federal criminal case, Docket No. 2:12-cr-20020-JPM-12. (*Id.*) The Supplemental Complaint states: "I now claim my body collapsing the CQV trust that have been charged there is no value in it therefore dismiss the case or withdraw the charges from the living beneficiaries estate." (*Id.*)

II. PROPOSED CONCLUSIONS OF LAW

A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summons to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

For purposes of the court's screening, the court will consider Becton's Complaint, (D.E. 1), and Becton's Supplemental Complaint, (D.E. 6), to the extent it expounds upon the factual allegations of the Complaint and alleges additional claims.

Becton's filing of the Supplemental Complaint presents a somewhat peculiar scenario in that he sought to amend his original complaint before it was ever served. A similar scenario was addressed by the Fifth Circuit in *Prince v. Curry*, 423 F. App'x 447 (5th Cir. 2011). There, approximately one month after filing an original complaint, but before completion of service of the original complaint, a *pro se* plaintiff filed a self-styled "motion to supplement," which the district court essentially ignored in conducting its initial 28 U.S.C. § 1915(e) screening. On appeal, the Fifth Circuit held that the district court erred in failing to treat the factual allegations in the plaintiff's motion to supplement "in the same manner as [it would treat] allegations contained in an amended complaint." *Id.* at 451. "[I]n accordance with the liberal construction of pro se filings," the Fifth Circuit in Prince then reexamined whether the plaintiff had stated a claim by reference now to the factual content of the original complaint together with that of the motion to

supplement. *Id.; see also Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)(stating that the district court should have "look[ed] beyond the [plaintiffs'] formal complaint to consider as amendments to the complaint those materials subsequently filed"). Similarly, here, the court will regard the Supplemental Complaint as an addendum to the Complaint.

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a

6

'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it

7

would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Subject-Matter Jurisdiction</u>

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to

those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g.*, *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("A court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The Complaint filed by Becton contains no jurisdictional allegations, but the Complaint is styled as one under 42 U.S.C. § 1983. This is sufficient to confer federal-question jurisdiction on the court.

However, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or patently frivolous. *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)(citations and internal quotation marks omitted). This Complaint contains purely conclusory allegations that are meritless, patently frivolous, and unsubstantial. *See infra* Part D & E. Therefore, the Complaint fails to invoke the court's subject-matter jurisdiction and is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). *See Hagans*, 415 U.S. at 536-37.

D. <u>Section 1983 Claim against the United States and Assistant United States Attorney Jerry Kitchens</u>

To establish a claim under 42 U.S.C. § 1983, the plaintiff must plead two prongs: (1) that he has been deprived of a right secured by the United States Constitution or laws, and (2) that the defendants caused that deprivation under the color of state law. *Uhuru v. City of Memphis*, 08-2150-V, 2008 WL 4646156 (W.D. Tenn. Oct. 17, 2008). "Since section 1983 does not provide a remedy against those acting under color of federal law, even assuming a violation of rights had occurred, relief under 42 U.S.C. § 1983 is unavailable against federal defendants acting under color of federal law and not state law." *Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 365 (D.V.I. 1997), *aff'd sub nom. The Int'l Islamic*

*Cmty. of Masjid Baytul-Khaliq, Inc. v. United States*, 176 F.3d 472 (3d Cir. 1999).

Although not stated as such, the court will construe any potential claims against Kitchens as *Bivens* claims. *See generally Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1974). *Bivens* actions may not, however, be maintained against the United States. *See, e.g.*, *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992)("A *Bivens* action may be brought only against individual federal officials, not against the United States" (citations omitted)); *Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989)(United States cannot be sued under *Bivens* because it "has not waived its sovereign-immunity and consented expressly to be sued in a *Bivens*-type action")(citation and internal quotation marks omitted)). As a result, Becton does not state any *Bivens* or section 1983 claims against the United States.

Becton's claim that Kitchens failed to respond to his request for discovery in a timely matter is not a valid claim under *Bivens*.[2] To set forth a successful *Bivens* claim, the plaintiff must plead that the federal defendants violated the

---

[2] The complaint states that "[d]efendant's failure to respond to the Plaintiff's request for Discovery in a timely matter" constituted a violation of Becton's rights. (Compl., D.E. 1 at 9.) Because the court determined that Becton does not have a viable claim against the United States, it analyzes this claim as it relates to Kitchens.

United States Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Because Becton's claim does not invoke a constitutional violation, but merely a violation of the Federal Rules of Civil Procedure, it does not set forth a viable *Bivens* claim.

The Complaint further alleges that the defendants violated Becton's First Amendment right to freedom of speech, unlawfully arrested and detained Becton in violation of the Fourth Amendment, subjected Becton to excessive bail and cruel and unusual punishment in violation of the Eighth Amendment, denied Becton due process in violation of the Fifth and the Fourteenth Amendments, and denied Becton's right to a speedy trial in violation of the Sixth Amendment.[3] (*See* Compl., D.E. 1 at 13-14.) Becton seeks monetary relief with respect to each claim. (*Id.*)

Construing the allegations contained in the Complaint in the light most favorable to the plaintiff, Becton has failed to state a claim for which relief can be granted. Becton's Complaint cannot withstand the tests of *Twombly* and *Iqbal* as it is comprised of legal conclusions without the factual content necessary to allow the inference that Kitchens is liable for constitutional violations. The Complaint merely states in

---

[3] Although the complaint does not invoke these specific amendments, the court construes Becton's allegations as violations of the applicable constitutional amendments.

12

conclusory fashion that Becton's constitutional rights have been violated and sets forth no facts to support these allegations. Moreover, Kitchens did not take part in executing Becton's arrest and imprisonment, and, therefore, he cannot have committed any constitutional violations with respect to those incidents. Consequently, Becton's Complaint fails to state a claim on which relief may be granted.

Furthermore, Kitchens is protected from any liability on the basis of qualified immunity. "To overcome [qualified] immunity, claimants must show (1) that the [federal] agents violated their constitutional rights and (2) that the constitutional right at issue is sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 438 (6th Cir. 2006)(citation and internal quotation marks omitted). In this case, the court has already addressed the first step of this analysis, concluding that Becton has failed to allege the violation of his constitutional rights. Kitchens accordingly is entitled to qualified immunity.

In addition, Kitchens is absolutely immune from any monetary liability with regards to the conduct alleged by Becton. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur

in the course of his role as an advocate for the government, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Tungate v. Thoms*, 45 F. App'x 502, 504 (6th Cir. 2002). The Complaint sets forth no facts indicating that Kitchens was not acting within his role as an advocate. It also does not appear from the Complaint that Kitchens was acting other than within the scope of his duties in initiating and pursuing a criminal prosecution. Therefore, Kitchens is entitled to absolute immunity as to these claims.

Because Becton seeks monetary relief against Kitchens, who is immune from such relief, the court recommends that Becton's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(iii), in addition to dismissal for failure to state a claim pursuant to 28 U.S.C § 1915(e)(2)(ii).

E. <u>Section 1983 Claim against Shelby County</u>

Municipalities and other local governmental bodies are "persons" within the meaning of section 1983. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 689 (1978). A municipality may not be sued under section 1983 "for an injury inflicted solely by its employees or agents." *Id.* at 694. Instead, a municipality is responsible under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be

14

said to represent official policy, inflicts the injury." *Id.* A successful section 1983 claim against a municipality may also be based on the municipality's failure to train its officers. Such a claim must show:

> (1) that the [municipality] pursued an official custom or policy of failing to adequately train, supervise, or discipline its officers in a particular matter, and (2) that such official policy or custom was adopted by the official makers of policy with "deliberate indifference" towards the constitutional rights of persons affected by the policy or custom.

*Haverstick Enter. v. Fin. Fed. Credit*, 32 F.3d 989, 996 n.8 (6th Cir. 1994)(citing *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989)). The Supreme Court has rejected any heightened pleading standard in municipal liability cases. *Leatherman v. Tarrant Cnty. Narcotics Intell. & Coord. Unit*, 507 U.S. 163, 168 (1990). To determine whether the acts or decisions of Shelby County personnel could trigger municipal liability, the court must examine each allegation, drawing all inferences in Becton's favor.

The Complaint does not invoke any discernable Shelby County policy, custom, or usage that resulted in the constitutional violations alleged. *See Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1987)(requiring proof of a deliberate and discernible policy, custom or usage). Apart from naming Shelby County as a defendant, the Complaint is devoid of any allegations that Shelby County's policies or customs brought

15

about violations of Becton's statutory or constitutional rights. Further, the Complaint does not allege that Shelby County failed to train, supervise, or discipline its officers in a particular matter.

Therefore, the court recommends that the claim against Shelby County be dismissed.

F. The Supplemental Complaint for Condemnation against the United States

The Supplemental Complaint purports to allege a claim for condemnation against the United States. (D.E. 5 at 1.) Becton states that "[t]his is an action to take property under the power of eminent domain and private domain and to determine just compensation to be paid to [the plaintiffs as] the owners and parties in interest." (*Id.* at 1-2.) However, the Supplemental Complaint fails to state any comprehensible legal claims and fails to allege facts that would give rise to potential claims. Accordingly, the court recommends that Becton's Supplemental Complaint be dismissed for failure to state a claim.

III. CONCLUSION

For the foregoing reasons, it is recommended that the Complaint and the Supplemental Complaint be dismissed for failure to state a claim as to all defendants, and on the basis of immunity as to Kitchens, pursuant to 28 U.S.C. § 1915(e)(2), and *sua sponte* for lack of subject-matter jurisdiction.

16

Respectfully submitted this 12th day of July, 2013.


                                                s/Diane K. Vescovo
                                                DIANE K. VESCOVO
                                                UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.